**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>    Plaintiff,<br><br>v.<br><br>R. GONZALEZ-MORAN, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-01938-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO RULE 59(e)<br><br>(ECF No. 14) |

Plaintiff Guillermo Cruz Trujillo, a state prisoner proceeding pro se, filed this civil action on December 29, 2016. (ECF No. 1.) Plaintiff consented to magistrate judge jurisdiction. (ECF No. 5.)

On January 19, 2017, the Court denied Plaintiff's motion to proceed in forma pauperis, and dismissed the action without prejudice, pursuant to 28 U.S.C. § 1915(g). Judgment was entered accordingly and the action was closed. (ECF Nos. 8, 9.)

On January 30, 2017, Plaintiff filed a notice of appeal of the final order and judgment. (ECF No. 12.) The appeal has been processed by the Ninth Circuit Court of Appeals. (ECF No. 13.)

On February 1, 2017, Plaintiff filed the instant motion "for imminent danger of serious physical injury." (ECF No. 14.) Plaintiff argues that because he faces imminent danger of serious physical injury, the Court erred in dismissing this action, that his motion to proceed in forma pauperis should be granted, and that this action should be allowed to proceed without prepayment of the filing fee. The Court construes Plaintiff's motion as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

1

### I. Jurisdiction

Before addressing the substance of Plaintiff's motion, the Court must consider whether it has jurisdiction to entertain a motion filed after Plaintiff filed his notice of appeal. Generally, the filing of a notice of appeal divests the district court of jurisdiction over the matters appealed. Townley v. Miller, 693 F.3d 1041, 1042 (citing Davis v. United States, 667 F.2d 822 (9th Cir. 1982)). However, under Federal Rule of Civil Procedure 62.1(a), a district court retains the authority to entertain the motion and deny it, defer consideration of it, state that it would grant the motion if the court of appeals remands for that purpose, or state that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a)(1)-(3); see also Simpson v. Evans, 525 Fed. Appx. 535, 536 (9th Cir. 2013) (pursuant to Rule 62.1(a)(2), district court retained jurisdiction to deny a timely-filed motion for leave to amend petition, even though motion was filed after notice of appeal).

Consequently, the Court retains the jurisdiction and authority to deny Plaintiff's motion to alter or amend the judgment, which it does for the reasons discussed below.

### II. Motion for Reconsideration

Plaintiff does not dispute that he is subject to the three-strikes provision of 28 U.S.C. § 1915(g). Plaintiff argues, however, that he qualifies for the exception to this provision because he is under imminent danger of serious physical injury. As a result, he seeks relief from the judgment dismissing his action without prejudice to refiling with submission of the $400 filing fee.

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment. See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

The Court finds no grounds to reconsider its final order and judgment dismissing this action pursuant to § 1915(g). Plaintiff is correct that there is an exception to the three-strikes provision in § 1915(g) for prisoners "under imminent danger of serious physical injury." However, as discussed in the Court's January 19, 2017 order, "[p]risoners qualify for the exception based on the alleged conditions at the time the complaint was filed." Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). "In other words, the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Id. at 1053.

Here, Plaintiff's complaint was filed on December 29, 2016, when he was housed at Pelican Bay State Prison (where he is currently housed). (ECF No. 1.) However, his complaint concerned alleged retaliation threats by correctional staff from March 26, 2015 through September 17, 2015, and an assault on September 15, 2015, at Kern Valley State Prison. The Court found that these events occurring over a year prior to the date of the complaint's filing, and at an institution where he was no longer housed, did not show that Plaintiff was under any imminent danger of serious physical harm at the time he filed his complaint.

Plaintiff's current motion alleges that he was assaulted at High Desert State Prison, on August 11, 2016, by orders of correctional staff at that institution, more than four months prior to the filing of the complaint. These allegations concerning unrelated events from those in the complaint, at an institution where Plaintiff was no longer housed at the time of the complaint, do not show that he was under an imminent threat of serious physical injury at the time the complaint in this action was filed. These new allegations not contained in the original complaint, even if considered and construed in the light most favorable to Plaintiff, do not support reconsideration of this Court's dismissal of this action.

For these reasons, it is HEREBY ORDERED that Plaintiff's motion to alter or amend the judgment, filed February 1, 2017 (ECF No. 14), is DENIED.

IT IS SO ORDERED.

Dated: **February 6, 2017**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE